UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JOHNSON,

        Plaintiff,

v.                                  Case No. 2:09-CV-14294

DOUGLAS OLIVER, et al.,

        Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

        The court has before it Plaintiff Charles Johnson's *pro se* complaint filed pursuant to 42 U.S.C. § 1983 and alleging violations of his civil rights including his right to liberty. The court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan. In his complaint, Plaintiff challenges the constitutionality of his state criminal proceedings. He names defense counsel Douglas Oliver and Oakland County Circuit Court Judge Mark A. Goldsmith as defendants in this action. Plaintiff seeks monetary damages and release from custody. Having reviewed the complaint, the court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

**I. DISCUSSION**

        Plaintiff has been granted *in forma pauperis* status, and under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is

required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* complaint is not viewed in the same light as one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)(" . . . we hold [the pro se complaint] to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)(" . . . allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted."); *cf. McNeil v. United States,* 508 U.S. 106, 113 (1993)(federal courts "have never suggested that procedural rules in ordinary civil

litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Taking fully into account the less stringent pleading standard regularly accorded *pro se* plaintiffs, the court finds nonetheless that Plaintiff's complaint must be dismissed.

### A. Claims Against Defense Counsel

Plaintiff's claims against his defense lawyer, Douglas Oliver, are subject to dismissal because a public defender or court-appointed counsel, while acting in that capacity, is not a state actor subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff's complaint against attorney Douglas Oliver must therefore be dismissed.

### B. Criminal Conviction Claims

Plaintiff's complaint is also subject to dismissal because he is challenging his state court criminal proceedings arising from a guilty plea entered in the Oakland County Circuit Court. While a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), it cannot be used to contest the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by

a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id.* at 487-89.  *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  If Plaintiff were to prevail on the claims arising from his criminal proceedings, the validity of his continued confinement would be called into question.  Accordingly, such claims are barred by *Heck* and must be dismissed.

**C. Claims Against State Court Judge**

Lastly, the court notes that Defendant Oakland County Circuit Court Judge Mark A. Goldsmith is entitled to absolute immunity.  Judges and judicial employees are entitled to absolute judicial immunity on claims for damages.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).  Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F.

4

Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).  Allegations arising from Plaintiff's state criminal proceedings involve the performance of judicial duties.  Judge Goldsmith is absolutely immune from suit for such conduct and the claims against him must be dismissed.

## II. CONCLUSION

Based on the foregoing analysis, the court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to all the Defendants and that the Defendant state court judge is also entitled to immunity.  Accordingly,

IT IS ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2009, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522